IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER: 2:24-cv-00004-DCN

| | |
|---|---|
| Foremost Insurance Company Grand Rapids, Michigan,<br><br>Plaintiff,<br><br>v.<br><br>Amanda Hiott, Joann Sturkey, Sarah Deal Honeycutt, and Charles Allen Deal, II, as Co-Trustees of the Patricia S. Deal Living Trust U/T/D February 28, 2020,<br><br>Defendants. | **COMPLAINT**<br>(Declaratory Judgment)<br>(Non-Jury) |

Plaintiff, Foremost Insurance Company Grand Rapids, Michigan, (hereinafter "Foremost") seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

**JURISDICTION AND VENUE**

1. Foremost is an insurance company organized and existing under the laws of the State of Michigan with its principal place of business in the State of Michigan and is authorized to sell insurance and does sell insurance in South Carolina.

2. Upon information and belief, Defendant Amanda Hiott (hereinafter "Defendant Hiott") is a citizen and resident of Colleton County, South Carolina.

3. Upon information and belief, Defendant Joanne Sturkey (hereinafter "Defendant Sturkey") is a citizen and resident of Colleton County, South Carolina.

4. Upon information and belief, Sarah Deal Honeycutt (hereinafter "Defendant Honeycutt"), and Charles Allen Deal, II (hereinafter "Defendant Deal"), are residents of North Carolina.

1

5.     This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

6.     The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332(a)(1).

7.     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

**A.  The Foremost Policy**

8.     Foremost issued a Homeowners policy, Policy No. 381-0066933160-15, to the named insured Shawn Langdale with effective dates of January 19, 2021, through January 19, 2022 (the "Policy"). The premises description is listed as 6117 Jeffries Highway, Walterboro, SC 29488 (the "Insured Residence"). The Policy provides a personal liability limit of $100,000 per accident. A copy of the Policy is attached hereto as Exhibit A.

9.     The Policy provides coverage to "you," which is defined to mean the named insured on the Declarations page and the named insured's "family members," as that term is defined in the Policy, for personal liability arising out of certain risks under the insuring agreement and excludes certain risks through the policy exclusions. Foremost craves reference to the Policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

10.     The Policy provides in pertinent part:

2

**DEFINITIONS**

. . .

You, your, and yours mean the person, persons, or entity named on the Declarations Page. You, your, and yours also mean any **family member** of the person or persons named on the Declarations Page.

. . .

**Family member** means a person who:

1. Resides in your household, and
2. Is related to you by:
    a. Blood;
    b. Marriage; or
    c. Adoption.

**Family member** also means:

1. . . .

2. A person who is related to you by blood, marriage, or adoption and resided in your household before you moved from your **premises**, but only until the end of that Policy Period shown on the Declarations Page[.]

. . .

**Premises** means:

1. The dwelling that is described on the Declarations Page where you reside on the inception date of the Policy Period;

. . .

**B. The Underlying Lawsuit**

11. On April 6, 2023, Defendant Hiott was named as a Third-Party Defendant by Defendants Honeycut and Deal in their Answer to an action filed by Defendant Sturkey in the Colleton County Court of Common Pleas, Civil Action No. 2022-CP-15-00011 ("The Suit").

12. In The Suit, Defendant Sturkey brought a negligence cause of action against Defendant Honeycutt and Defendant Deal as co-Trustees of the Patricia S. Deal Living Trust U/T/D February 28, 2020, arising out of an alleged fall down a flight of stairs on July 2, 2021.

3

13. According to the Complaint, this fall occurred at 1704 Palmetto Boulevard, Edisto Island, SC 29438, a beach house owned and controlled by the co-Trustee Defendants, which they rented to Defendant Hiott.

14. The co-Trustee Defendants filed a third-party action, naming Defendant Hiott as a Defendant, seeking indemnification from Defendant Hiott pursuant to terms of the rental agreement regarding premises liability arising out of injury to guests at the beach house.

15. Defendant Hiott now seeks a defense and indemnification by Foremost under the Policy.

C. **Defendant Hiott's Residency**

16. Langdale purchased the Insured Residence from his uncle circa 2008.

17. In June 2015, Langdale moved out of the Insured Residence and has not resided there since.

18. On July 1, 2015, Defendant Hiott and her family moved into the Insured Residence and have resided there ever since.

**FOR A FIRST DECLARATION**

19. Plaintiff repeats and re-alleges each and every one of the allegations set forth above as if set forth verbatim below.

20. Foremost would show that the Policy only provides liability coverage to the named insured and his "family members" as defined in the Policy.

21. Because Defendant Hiott is not a named insured on the Declarations page, she is not a named insured.

22. Because Defendant Hoitt did not reside with Langdale and share his household at the Insured Residence at any time, she does not meet the definition of a "family member."

23. Therefore, Foremost is entitled to a declaration that the Policy does not provide any liability coverage for Defendant Hiott for this loss.

**WHEREFORE**, Foremost respectfully requests that this Court inquire into these matters and declare that the Foremost Policy does not provide liability coverage for the alleged incident that occurred on or about July 2, 2021, and that Foremost has no obligation to pay, indemnify, defend, or otherwise perform under that Policy for any and all claims arising out of the alleged incident, together with such other and further relief as the Court may deem just and proper.

*Respectfully submitted,*

**MURPHY & GRANTLAND, P.A.**

*s/ William E. Hesse*
J.R. Murphy, Esquire (Fed. Bar No. 3119)
William E. Hesse, Esquire (Fed. Bar No. 13809)
4406-B Forest Drive (29206)
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100
jrmurphy@murphygrantland.com
bhesse@murphygrantland.com
**Attorneys for Plaintiff**

Columbia, South Carolina
January 2, 2024

5